# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | |
| | § | |
| DEMETRIUS DELAAN WHITE | § | Case No. 4:19-CR-228-S |
| aka D | § | |
| | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Eun Kate Suh and Sebastian A. Edwards, Assistant United States Attorneys, and the Defendant, Demetrius Delaan White aka "D" ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to the filing of a Superseding Information and to plead guilty to Count One of the Superseding Information. Count One charges Defendant with sex trafficking of a minor, in violation of Title 18, United States Code, Section 1591(a),(b), and (c). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Information, or proved to a jury or proven beyond

1

a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1591(a),(b), and (c), is a mandatory minimum term of imprisonment of 10 years and up to life imprisonment and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least five years and up to life. *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, sections 3559(a)(1) and 3583(k). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

3. Defendant understands that under the Sex Offender Registration and Notification Act, the Defendant must register and keep such information current in the jurisdictions where the Defendant resides, is employed, and is a student. The Defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the Defendant's name, residence, employment or student status. The

Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as applicable state statutes.

## Mandatory Special Assessment

4. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

5. Pursuant to Title 18, United States Code, Section 3014(a), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the

conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the Defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the

Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

9. The United States agrees to each of the following:

   (a) If the Defendant pleads guilty to Count One of the Superseding Information and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss the Indictment at the time of sentencing; and

   (b) If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and

permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding

10. The United States will not further criminally prosecute the Defendant for offenses arising from conduct charged in the Superseding Information. The United States Attorney's Office for the Southern District of Texas will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

   (e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this Plea Agreement. Defendant understands that the rights of a defendant include the following:

    (a)    If the Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury

    trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

 (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

 (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Superseding Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

In early November 2017, Defendant Demetrius Delaan White aka "D" ("White") and co-defendant Deonte Danquise Bailey-Roach aka "Shein," ("Bailey-Roach") recruited 17-year-old Minor Victim M.W. via social media. White and Bailey-Roach communicated with M.W. via video chat and text. On November 6,

8

2017, White and Bailey-Roach drove approximately 2 hours in a tan/silver Chevy Malibu to Stephenville, Texas to pick up M.W. from her parent's house. When M.W. expressed she was worried about leaving and that she did not want to get caught, White instructed M.W. to "play it smart and run to the car." When White and Bailey-Roach were 20 minutes away from M.W.'s parent's house, White asked again whether M.W.'s parents were home.

White and Bailey-Roach took M.W. to a motel in Houston, Texas. At the motel, both White and Bailey-Roach had sex with M.W. Both White and Bailey-Roach recorded videos of themselves having sex with M.W. at the same time and made comments in the video about selling the video of themselves with M.W. for money. The cellphone used by White to facilitate this crime was a black Apple iPhone, IMEI 359402083718507. The cellphone used by Bailey-Roach to facilitate this crime was a black Samsung Galaxy S8 cellular phone, IMEI 355987081390733.

White's sister, Christina, took M.W. to buy lingerie so that the defendants and Christina could post M.W. wearing lingerie on Backpage. M.W. was posted on Backpage numerous times from November 7, 2017 until November 10, 2017, when M.W. was recovered by law enforcement. The Defendants' use of Backpage and their cellphones constitutes the use of facilities in and affecting interstate commerce.

The Defendants set up a phone number through TextNow for M.W.'s Backpage ad. TextNow is a free texting and calling application that allows users to

9

sign up with an email address. Moreover, TextNow can be set up so that numerous users are able to receive and send text messages for the same issued phone number. For example, when a sex client contacted the phone number on M.W.'s Backpage ad, the Defendants also received the text messages on their phones and responded directly to the client.

During the approximately 3 days that M.W. was posted on Backpage, over 300 individuals expressed interest in sex with Minor Victim M.W. White and Bailey-Roach had M.W. go to client's homes, truck stops, walk on Bissonnet Street, and in motel rooms so that M.W. would engage in commercial sex for their benefit. The Bissonnet Street is commonly referred to as the "Track" or the "Blade," an area well-known for prostitution in Houston, Texas. M.W. stated that White and Bailey-Roach gave her ecstasy drugs before the sex dates and had M.W. engage in anal sex with clients for extra money. M.W. was not permitted to keep the money from the commercial sex acts.

On November 10, 2017, M.W. was picked up by an undercover officer posing as a client. M.W. was then taken to the Texas Children's Hospital, where she was medically examined. The sexual assault nurse examiner noted that M.W. estimated having sex with approximately 50 individuals and that M.W. was in pain and had multiple abrasions and a tear on her genitalia. Between November 6, 2017 and November 10, 2017, the Defendants had a reasonable opportunity to observe M.W.

10

by staying with her in motel rooms, driving her to sex dates, and having sex with her.

**Breach of Plea Agreement**

15. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

**Restitution, Forfeiture, and Fines – Generally**

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this Plea Agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

20. Defendant agrees to pay any applicable restitution to Minor Victim M.W. regardless of the count of conviction and pursuant to Title 18, United States

Code, Section 1593. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

21. Defendant stipulates and agrees that any applicable property listed in the Superseding Information's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23. Defendant consents to any order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge any applicable forfeiture of property in any manner, including by

direct appeal or in a collateral proceeding.

## Fines

25.  Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

26.  This written Plea Agreement, consisting of 17 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against his and that he is pleading guilty freely and voluntarily because he is guilty.

27.  Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on January 27, 2020.

_____
Defendant Demetrius Delaan White

Subscribed and sworn to before me on January 27, 2020

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____                    _____
Kate Suh                                            Phil Gallagher
Sebastian Edwards                                   Assistant Federal Public Defender
Assistant United States Attorneys
Southern District of Texas
Telephone: 713-567-9000

15

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § | |
| vs. | | |
| DEMETRIUS DELAAN WHITE aka D | | Case No. 4:19-CR-228-S |
| Defendant. | | |

## PLEA AGREEMENT ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Phil Gallagher
Assistant Federal Public Defender

1/27/20
Date

I have consulted with my attorney and fully understand all my rights with respect to the Information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

*[Signature]*                  1/27/2020

Demetrius Delaan White      Date
Defendant